UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br>1657 The Fairway #131 Jenkintown, PA 19046<br><br>    Plaintiff,<br>   vs.<br><br>Aspen Home Improvements, Inc. ("AHI")<br>2653 LITITZ PIKE<br>LANCASTER PA 17601,<br><br>and<br>DOES 1 through 100, inclusive,<br><br>    Defendants. | Civil Action<br>No. 15  4023<br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

  Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants Aspen Home Improvements, Inc. ("AHI"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and with deliberate transmission of false caller identification ("Caller ID Spoofing") in violation of the Truth in Caller ID Act of 2009, 47 U.S.C. 227(e) and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

1

## I. Introduction

1. Defendant Aspen Home Improvements, Inc. ("Company") is a corporation incorporated in the State of Pennsylvania that markets and sells, *inter alia,* home improvement and remodeling services to individuals throughout the greater Pennsylvania Tri-State area. Its principal place of business is at 2653 LITITZ PIKE LANCASTER PA 17601.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal use of Caller ID Spoofing, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

2

### III. Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone call on his private telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant Aspen Home Improvements, Inc. ("Company") is a corporation incorporated in the State of Pennsylvania that has been in existence for at least ten years and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District. Company has headquarters located at 2653 LITITZ PIKE LANCASTER PA 17601.

8. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9. At all times herein mentioned, Company, and the Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these

wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### IV.   **Factual Allegations**

12. In or about July 13th, 2015, Plaintiff received a "robocall" solicitation by Defendants and/or their agents at Plaintiff's personal telephone number, 215-947-1920 that simultaneously transmitted false caller identification information therewith. Plaintiff had not consented to this solicitation.

13. The unsolicited telephone call was placed to Plaintiff's personal telephone and utilized an "automatic telephone dialing system" to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

14. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

15. Plaintiff's telephone number was on the Federal Do-Not-Call registry for over 7 years prior to this illegal unsolicited phone call.

16. The call was a "robocall" because there was a significant delay before the other party answered and there was a computer tone, almost like a balloon popping, before the other party answered.

17. The "robocall" that was received on July 13th transferred Plaintiff to an agent, "Taylor" who said that she was calling from "a local home improvement company, AMG". "Taylor" subsequently told Plaintiff that Company was going to be in the area and could give Plaintiff a free estimate for windows, doors, siding, or roofing. Plaintiff asked "Taylor" for the company's website, which was given as aspenwindows.com.

18. The aspenwindows.com website points out the products of "Windows, Doors, Siding, and Roofing." – the same products in the same order they were listed on the call.

19. Upon information and belief, Company claims to be calling from "AMG" in order to conceal themselves and duck liability under the TCPA.

20. Realizing that the "AMG" name was false, Plaintiff demanded to be transferred to a supervisor. The supervisor, "Ed" confirmed company's identity. However, "Ed" seemed hesitant to put Plaintiff on Company's Do-Not-Call list or send Plaintiff a copy of Company's Do-Not-Call policy. "Ed" seemingly did not even know if such a policy existed, and was rude and evasive. Plaintiff has not, as of the filing of this complaint, received a Do-Not-Call policy, and surmises that this does not exist and that he was not placed on Company's Do-Not-Call list.

21. Prior to the filing of this complaint, Plaintiff called Company's main business number, 717-569-3700, in order to resolve this matter without the need for litigation. Plaintiff again spoke to "Ed," who even remembered him from the previous call. "Ed" was again evasive and did not wish to discuss the matter.

22. The unsolicited "robocall" telephone call transmitted the false local caller ID information of 610-427-4431, in an attempt to conceal Company's true identity.

23. Plaintiff received the call on his private telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

5

24. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

25. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "automatic telephone dialing system" to transmit a message.

26. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

27. Defendants implicitly refused to put Plaintiff's phone number on Defendants' internal Do-Not Call List when asked.

28. Defendants failed to give Plaintiff a copy of Defendants' Do-Not-Call policy when asked, it also being evident that none exists.

29. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 U.S.C. § 227(e), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(1), and 47 C.F.R. 64.1200(c)(2).

## V.    Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

30. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

31. As a result of Defendants'and Defendants' agents negligent violations of 47 U.S.C.

§ 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

33. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

34. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

35. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

(Negligent Violation of the TCPA "Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

36. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

37. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

38. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting

such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call" Prohibition, 47 U.S.C. § 227 et seq.)

39. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

40. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

41. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

42. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

8

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

9

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action

(Fraud)

54. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55. Defendants and Defendants' agents made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information and misrepresenting Company's identity when Company made their "RoboCall"/Sales Call to Plaintiff's private telephone. Plaintiff suffered damages due to reliance on Company's false statements as Plaintiff answered a

telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

### Twelfth Cause of Action

(Negligence)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibition against transmitting false caller identification information. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

### Thirteenth Cause of Action

(Trespass to Chattel)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

59. Defendants and Defendants' agents conduct of making an illegal telemarketing call to Plaintiff constituted an electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

60. At no time did Plaintiff consent to this trespass.

61. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## Fourteenth Cause of Action

(Conversion)

62. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

63. Defendants and Defendants' agents conduct of making an illegal telemarketing call to Plaintiff constituted a conversion of Plaintiff's private telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

64. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

65. At no time did Plaintiff consent to this conversion.

66. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## VI.   Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-10;

2. For awards of $1,500 for each knowing and/or willful violation as set forth in actions 1-10.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

Total statutory damages: **$7,500** (sales call, "robocall", transmission of false caller ID, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 11-14:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: July 21, 2015

Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
aspenlitigation@gmail.com